# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:23-CR-00114 |
| | ) | |
| v. | ) | |
| | ) | District Judge Timothy S. Black |
| SAMUEL RANDAZZO | ) | Magistrate Judge Karen L. Litkovitz |
| | ) | |
| Defendant | ) | |
| | ) | |

## DECLARATION OF ROGER P. SUGARMAN IN SUPPORT OF DEFENDANT'S MOTION FOR INTRADISTRICT TRANSFER

I, Roger P. Sugarman, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am one of the attorneys for Defendant Samuel Randazzo in the above matter.

2. This declaration is based upon my personal knowledge of the facts stated herein, and I respectfully submit this declaration in support of Mr. Randazzo's Motion for Intradistrict Transfer (Doc #:19) and to correct certain misstatements in the Government's response (Doc #:21).

3. I am and always have been (since my birth in Cleveland, Ohio in 1950) an Ohio resident. I have maintained an Ohio driver's license since 1966; I have voted in Ohio elections-state and municipal-since 1968; and, I have paid personal income taxes in and to the State of Ohio since 1966 and the city of Columbus since 1976.

4. In opposing the Motion to Transfer, the Government states that the "defendant [wrongly] claims that [I] am based out of Columbus and a trial would be financially and logistically burdensome for [me]." Response at PAGEID #129. I don't "claim" to be based out of Columbus-

I have lived in Columbus since 1976, and for more than 36 years, I have resided at 6025 Cranberry Court, Columbus, Ohio 43213. No matter the time of year, were the trial of this case held at the Joseph P. Kinneary U.S. Courthouse in Columbus, "logistically" my "travel" would be the daily commute to and from my home to the U.S Courthouse, rather than a daily commute to and from Columbus to Cincinnati. So too, "financially", I would not incur any expenses to spend each night at my home for a trial in Columbus.

5. Similarly dismissive of readily available facts and knowledge it has, the Government mistakenly asserts that "I appear to currently reside in Florida." Id.  But I neither "appear to" nor do I reside in Florida. I am not a Florida resident. Since 2017 I have spent time in Florida, primarily during some of the winter months. For instance, I have been in Florida since December 28, 2023 (other than returning to Columbus for 10 days during February 2024) and plan to return home at the beginning of May. I received the Government's 1st and 2nd document productions in this case at my home in Columbus, and the 3rd-6th productions have been sent to me in Florida.

6. I took the Ohio bar exam in July of 1975, and was admitted to the bar of the State of Ohio on November 7, 1975. I have maintained my law practice from my home office at 6025 Cranberry Court in Columbus since December of 2020.

7. The FBI is aware that I reside at and practice law from 6025 Cranberry Court. I have been visited at my home office several times by Special Agent Blane Wetzel of the FBI.  The purpose of these visits was for Special Agent Wetzel to return property seized by the FBI on November 16, 2020, from Mr. Randazzo's home.

8. Upon hiring me to represent him, Mr. Randazzo paid me a retainer fee, which I placed in an Interest on Lawyers' Trust Account ("IOLTA") at Huntington National Bank.  The

retainer was intended to pay for legal fees and costs incurred in my representation of Mr. Randazzo. On November 5, 2021, the Franklin Court of Common Pleas issued an Order of Garnishment that froze the funds in this IOLTA account. Neither I nor Mr. Randazzo have had access to those funds in this account since the Order of the Common Pleas Court.

9. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 14th day of March 2024.

_____
Roger P. Sugarman